# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ADRIAN L. MCBRIDE,**

    Plaintiff,

**v.**                                   **CIVIL ACTION NO.: 3:15-CV-36**
                                           **(GROH)**

**US BANK HOME MORTGAGE,**

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

Pending before the Court are Defendant U.S. Bank National Association's[1] Motion to Dismiss [ECF 11] pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Adrian L. McBride's Motion for Summary Judgment [ECF 10] and U.S. Bank's Motion to Defer Consideration of the Motion for Summary Judgment [ECF 12]. Because U.S. Bank moved to dismiss the complaint after answering it, the Court has construed the Motion to Dismiss as a Motion for Judgment on the Pleadings [ECF 16].

For the following reasons, the Court **GRANTS** the Motion for Judgment on the Pleadings and **DENIES AS MOOT** the Motion for Summary Judgment and Motion to Defer Consideration of the Motion for Summary Judgment.

### I. Background

Adrian L. McBride, proceeding *pro se*, filed suit against US Bank Home Mortgage,

---

[1] The complaint incorrectly names U.S. Bank National Association as US Bank Home Mortgage.

which is properly named U.S. Bank National Association. He seeks three times the value of a home to compensate him for "repeated harassment, extortion tactics, and mental anguish at the hands of the Third Party with no proven true standing within this matter." His complaint cites, among other statutes, various Uniform Commercial Code ("U.C.C.") provisions, including U.C.C section 3-309.

After being served with the complaint, U.S. Bank moved for more time to answer it and filed an answer. McBride then moved for summary judgment. In response, U.S. Bank moved for the Court to defer consideration of the motion for summary judgment under Federal Rule of Civil Procedure 56(d) and moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

The Court issued three orders regarding these motions. First, the Court granted U.S. Bank's motion for an extension of the answer deadline and deemed the answer timely filed. Second, the Court construed the motion to dismiss as a motion for judgment on the pleadings because U.S. Bank had answered the complaint. Third, the Court issued a notice advising McBride of his right to respond to the motion for judgment on the pleadings pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). McBride responded to the motion for judgment on the pleadings,[2] and U.S. Bank replied.

---

[2] In this filing, McBride argues the Court erred in allowing U.S. Bank to answer the complaint because U.S. Bank did not establish excusable neglect and Federal Rule of Civil Procedure 6(b) prohibits extending the answer deadline. As courts must liberally construe *pro se* pleadings, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), the Court considers this argument as a motion to reconsider that Order.

Courts may revise interlocutory orders anytime before entering a judgment. Fed. R. Civ. P. 54(b). This power is discretionary. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983). Given this discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Regardless, the doctrine of law of the case guides this discretion.

## II. Standards of Review

### A.   Motion for Judgment on the Pleadings

The standard applicable to a Rule 12(b)(6) motion to dismiss governs a motion for judgment on the pleadings. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant challenges the complaint's sufficiency in this regard by moving under Rule 12(b)(6) to dismiss a complaint for failing "to state a claim upon which relief can be granted." To survive such a motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further

---

Boyd v. Coventry Health Care, Inc., 828 F. Supp. 2d 809, 813 (D. Md. 2011) (citing Am. Canoe Ass'n, 326 F.3d at 514-15). This doctrine requires that courts follow the law of a prior decision "unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Id. (citing Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)). But this doctrine "cannot positively prohibit a district court from reconsidering an interlocutory order in light of federal courts' 'ultimate responsibility . . . to reach the correct judgment under law.'" Id. (citing Am. Canoe Ass'n, 326 F.3d at 514-15). "'[C]oncerns of finality and judicial economy,'" however, "may temper this responsibility." Id. Thus, "relief is rarely ever appropriate '[w]hen the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind.'" Id. (citation omitted).

Here, first, the Court considered whether U.S. Bank showed excusable neglect and found U.S. Bank had. McBride therefore is asking the Court to reconsider a legal issue. That is not a ground for vacating the Order. Second, courts may extend the answer deadline. Rule 12(a) governs this deadline. Rule 6(b) prohibits courts from extending deadlines under several rules, but not Rule 12(a). Accordingly, the Court denies the motion to reconsider and affirms its May 28, 2015 Order granting U.S. Bank's motion to extend time to respond to the complaint.

3

factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The plausibility standard applies to *pro se* complaints, Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), but courts liberally construe such complaints. Beaudett, 775 F.2d at 1278.

When reviewing a Rule 12(b)(6) motion, courts assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in the plaintiff's favor and view the allegations in a light most favorable to the plaintiff. Edwards, 178 F.3d at 243-44. Courts only presume factual allegations are true. Iqbal, 556 U.S. at 678-79. They may also consider facts derived from sources beyond the complaint, including documents attached to the complaint, documents attached to the motion to dismiss that "are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

**B.    Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted). A court should deny summary judgment "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also Anderson, 477 U.S. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

Generally, courts should only grant summary judgment "after adequate time for discovery." Celotex Corp., 477 U.S. at 322. Federal Rule of Civil Procedure 56(d) applies when facts are unavailable to the nonmovant, providing:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

## III. Discussion

In seeking judgment on the pleadings, U.S. Bank argues the complaint lacks any factual allegations that could state a plausible claim. McBride argues he has stated a claim under U.C.C. section 3-309 because U.S. Bank foreclosed on a home without possessing the promissory note.

The U.C.C. governs negotiable instruments. Arnold v. Palmer, 686 S.E.2d 725, 732 (W. Va. 2009). A promissory note is one type of negotiable instrument. Id. It "is [a]n unconditional promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person." Id. (citation and internal quotation marks omitted).

When a promissory note reflects a loan regarding real property, a deed of trust conveys title to the property "in trust as security until the grantor repays the loan." Syl. Pt. 7, id. If the grantor defaults on the debt "secured by [the] deed of trust, the property becomes liable to sale under the power of sale conferred upon the trustee." Id. "[T]the holder of the instrument," "a nonholder in possession of the instrument who has the rights of a holder," and "a person not in possession of the instrument who is entitled to enforce the instrument" under U.C.C. section 3-309 can enforce a note in such circumstances. Slater v. Bank of Am., N.A., Civil Action No. 1:10-1091, 2012 WL 2997880, at *6 (S.D.W. Va. June 26, 2012) (quoting W. Va. Code § 46-3-301). Section 3-309 of the U.C.C. provides "[a] person not in possession of an instrument" can enforce it if:

> (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonable obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in

6

> the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

W. Va. Code § 46-3-309(a).

Here, McBride argues his complaint pleads U.S. Bank wrongly foreclosed on a home because it did not possess the promissory note and U.C.C. section 3-309 does not excuse its lack of possession. The complaint, however, only barely asserts U.C.C. violations occurred. There are no allegations McBride signed a note concerning a home, U.S. Bank possessed any such note, a foreclosure occurred, or U.S. Bank participated in any such foreclosure. Indeed, the complaint contains few facts and references U.S. Bank in one vague allegation: U.S. Bank "is attempting a 3rd party claim against Adrian L McBride in Status to his/her private property." Even assuming U.S. Bank foreclosed on McBride's home, there is no allegation U.S. Bank lost a note as needed to trigger the requirements of U.C.C. section 3-309. Accordingly, because the alleged U.C.C. violations lack "further factual enhancement," Iqbal, 556 U.S. at 678, the complaint does not state a claim upon which relief can be granted. Because this ruling disposes of this case, the Court denies the remaining motions as moot.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion for Judgment on the Pleadings, which was filed as a Motion to Dismiss, and **DENIES AS MOOT** the Plaintiff's Motion for Summary Judgment and the Defendant's Motion to Defer Consideration of the Motion for Summary Judgment.

Accordingly, the Court **DISMISSES** this action **WITH PREJUDICE** and **ORDERS** this case stricken from the Court's docket.

The Clerk is **DIRECTED** to enter Judgment in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and *pro se* parties.

**DATED:** July 22, 2015

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE